UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JEFFREY LOWELL CARLISLE,**

        **Petitioner,**

        v.                                             Case No. 18-CV-1868

**WARDEN JUDY SMITH,**

        **Respondent.**

---

## ORDER AND RECOMMENDATION

---

Jeffrey Lowell Carlisle, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Accompanying his petition is a Motion for Leave to Proceed Without Prepayment of the Filing Fee. (ECF No. 2.) Having reviewed this motion and his institutional trust account statement, the court concludes that Carlisle lacks the ability to pay the $5.00 filing fee. Therefore, his motion (ECF No. 2) will be granted.

The court must now review Carlisle's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Two problems are readily apparent from his petition. First, his petition appears untimely. According to the petition and the public records of the Wisconsin Court of Appeals and Wisconsin Supreme Court, the Wisconsin Supreme Court denied Carlisle's petition for review on October 27, 2010. Therefore, Carlisle's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on January 26, 2011, when the deadline for seeking review by the United States Supreme Court passed without Carlisle seeking review. Carlisle had one year from that date—until January 26, 2012—in which to seek federal habeas corpus relief. *See* 28 U.S.C. § 2244(d)(1).

But because the one-year statute of limitations is an affirmative defense that the respondent may waive, it is usually inappropriate to dismiss a petition as untimely at this preliminary stage. *See Tate v. Borgen*, No. 04-C-1019, 2005 U.S. Dist. LEXIS 48282, at *23 (E.D. Wis. July 26, 2005). Moreover, the one-year statute of limitations is subject to equitable tolling and "it is difficult to conceive of a situation where a claim of equitable tolling would be clear on the face of the petition." *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004).

The second, and bigger, problem with Carlisle's petition is that he does not present any constitutional claim. He presents three grounds for relief: (1) "MN. Law controls the issues in this case"; (2) "Does a Wis. Warrant have force in another state? (subpoena)"; and (3) Carlisle was unconscious therefore he could not give consent." (ECF No. 1.)

According to the court of appeals' decision, on April 22, 2007, Carlisle was driving a Cadillac Escalade in Pierce County, Wisconsin, while under the influence of opiates when he crossed the center line of a two-lane highway, striking another vehicle head-on. *State v. Carlisle*, 2010 WI App 120, ¶ 2, 329 Wis. 2d 271, 789 N.W.2d 754 (per curiam). Carlisle killed the driver of the other vehicle and severely injured its passenger.

Carlisle was transported to a hospital in Minnesota. *Id.*, ¶ 2. A police officer requested that hospital staff collect a sample of Carlisle's blood but was told that hospital staff had already performed a toxicology screen and detected opiates. *Id.*, ¶ 4. After Wisconsin law enforcement subpoenaed Carlisle's medical records, Carlisle sought to suppress that evidence on the ground that it was obtained in violation of Minnesota law. *Id.*, ¶ 5. In denying the motion to suppress, the Wisconsin Court of Appeals concluded that the circuit court had properly held that the seizure was reasonable. *Id.*, ¶¶ 12-13.

Reading Carlisle's petition broadly and in conjunction with the court of appeals' decision, it is possible that Carlisle intends to assert a claim under the Constitution's Fourth Amendment in that the toxicology screen was an unreasonable search and seizure. However, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). The

existence of a plausible exception to this rule occasionally merits allowing a case to proceed past this preliminary stage. *See, e.g., Sanders v. Foster*, No. 18-CV-628, 2018 U.S. Dist. LEXIS 88723, at *2 (E.D. Wis. May 29, 2018); *Brown v. Foster*, No. 16-CV-1497-PP, 2017 U.S. Dist. LEXIS 2804, at *4 (E.D. Wis. Jan. 9, 2017). However, there is no allegation or even hint that Carlisle was not afforded a full and fair opportunity to litigate this Fourth Amendment claim. To the contrary, Carlisle *did* litigate it, all the way to the Wisconsin Supreme Court. Because Carlisle has failed to present a claim for which the court may grant habeas relief, the court will recommend that his petition be dismissed.

**IT IS THEREFORE ORDERED** that Carlisle's Motion for Leave to Proceed Without Prepayment of the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that Carlisle's petition and this action be **dismissed** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 30th day of November, 2018.

_WILLIAM E. DUFFIN_
WILLIAM E. DUFFIN
U.S. Magistrate Judge