UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY LOWELL CARLISLE,

               Petitioner,

    v.                                         Case No. 18-C-1868

WARDEN JUDY SMITH,

               Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING PETITION

Petitioner Jeffrey Lowell Carlisle filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Carlisle was convicted in Pierce County Circuit Court of one count of homicide by intoxicated use of a vehicle and one count of reckless driving. He is currently incarcerated at Oshkosh Correctional Institution. On November 30, 2018, Magistrate Judge William E. Duffin screened Carlisle's petition and filed a Report and Recommendation in which he recommends that the petition be dismissed. Carlisle filed an objection to the Report and Recommendation on December 13, 2018. For the following reasons, the court adopts Judge Duffin's Report and Recommendation in full.

In his petition, Carlisle claims that a toxicology screen he underwent at a Minnesota hospital after he caused a fatal car accident in Wisconsin and Wisconsin law enforcement's subsequent collection of those medical records pursuant to a subpoena constituted unreasonable searches and seizures under the Fourth Amendment. But, as the magistrate judge noted, even aside from the fact that Carlisle's petition appears to be barred by the one-year statute of limitations, Carlisle is not

entitled to habeas relief because such relief is generally not available for alleged violations of the Fourth Amendment. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."). Here, the Wisconsin state courts provided Carlisle a full opportunity to litigate his motion to suppress; therefore, Carlisle's claims under the Fourth Amendment must be dismissed. Carlisle's petition does not present a claim for which habeas relief may be granted.

In his objections, Carlisle alleges a new ground for relief: that his guilty plea should not have been accepted because he was under the influence of "powerful doses of morphine" at the time he entered his plea. The court need not consider a claim raised for the first time in a habeas petitioner's objections to a Report and Recommendation. In any event, this claim must be dismissed because it is unexhausted and procedurally defaulted due to Carlisle's failure to raise it in state court. *See Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (noting that if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits"). Accordingly, Carlisle's objections are overruled and the court accepts the Magistrate Judge's recommendation to dismiss the petition.

For these reasons, the court **ADOPTS** the Report and Recommendation of the Magistrate Judge and orders the petition **DISMISSED**. A certificate of appealability is **DENIED**. I do not believe that reasonable jurists would believe that Carlisle made a substantial showing of the denial of a constitutional right. The Clerk is directed to enter judgment accordingly.

Carlisle is advised that the judgment entered by the Clerk is final.  A dissatisfied party may appeal to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment.  *See* Fed. R. App. P. 3–4.  In the event Carlisle decides to appeal, he should also request that the court of appeals issue a certificate of appealability.  Fed. R. App. P. 22(b).

**SO ORDERED** this  17th  day of December, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court